```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


RANCY GROUP, INC.,               :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:23CV886(JCH)
                                 :
GLAZET WHOLESALE, INC.,          :
                                 :
     Defendant.                  :
```

RULING ON MOTION FOR SANCTIONS

*Introduction*

This is a diversity action for damages incurred after defendant allegedly failed to deliver goods for which plaintiff paid.[1] On September 29, 2023, Judge Janet C. Hall, U.S.D.J., referred the case to me for a settlement conference. Dkt. #23. At the joint request of counsel, I scheduled the conference for November 10, 2023 at 1pm via Zoom videoconference. Dkt. #28. I issued an Order requiring the parties to be present for the conference. Dkt. #28. In part, the Order read:

> The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party who is fully

---

[1] Plaintiff's complaint claims breach of contract and theft. Plaintiff alleges that it ordered 20 cases of hobby cards from defendant for which plaintiff paid a total of $354,000. Two cases of cards were delivered but were defective, so plaintiff returned them. Defendant did not reimburse plaintiff for the defective goods, nor did it replace them. The remaining 18 cases were never delivered. Dkt. #1. Judge Hall later issued a prejudgment remedy in the amount of $380,000. Dkt. #22.

authorized to decide all matters pertaining to the case shall be present at the conference. The court will not hold a settlement conference without all parties present. ... The purpose of this requirement is to have in attendance a person with both the authority and the independence to settle the case during the settlement conference without consulting anyone who is not present. The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference. Requests to excuse attendance are rarely granted. Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions.

When I convened the settlement conference at the scheduled time, counsel for both parties were present.[2] A business representative and an interpreter for plaintiff were present. Defendant was absent. Defendant's counsel said that the defendant company's sole owner, Lee Wa Ze, also required an interpreter, that counsel had met with Mr. Lee and the interpreter prior to the settlement conference, and that counsel advised Mr. Lee of his responsibilities in connection with the conference.[3]

---

[2] Plaintiff was represented at the conference by Attorney Jeffrey Hellman, who was accompanied by the business's lawyers, Attorney Tommy Wang and Attorney Edward Lu. A client representative, Pellei Yang, and interpreter Michele Tan also were present. For the defendant were Attorney John Keenan and Attorney David Falvey. As explained *infra* the defendant's interpreter, Selina Zheng, joined the conference late. The defendant company's owner, Lee Wa Ze, joined eventually by video only.

[3] I had also required the parties to submit *ex parte* memoranda in advance of the conference. Dkt. #28. Plaintiff complied; defendant did not. In apologizing for both the failure to submit the *ex parte* memo as well as defendant's absence from the

2

I instructed defendant's attorneys to contact their client to secure his presence. After a few minutes defendant's interpreter appeared on Zoom but defendant still was not present. The interpreter explained that defendant had been with her but was now "outside." I repeated that defendant must appear and allowed more time. The defendant's owner, Mr. Lee, eventually appeared on Zoom. He was walking around outdoors, casually attired in a hoodie and a baseball cap. Although he was visible to all who had assembled for the conference, he could not be heard. Again, I repeated my order that he must participate. He left the conference and then, after more time elapsed, he became visible on Zoom again, this time seated in what appeared to be the back seat of a vehicle and accompanied by an unidentified woman. Still, he could not be heard, so I allowed even more time. He neither rejoined the interpreter nor connected fully to Zoom. After watching all this unfold for about 45 minutes, counsel agreed that continuing the conference would not be fruitful.[4] It being obvious that everyone's time was being wasted, I ended the conference at 1:45pm. Dkt. #32

---

conference, defendant's counsel said the client had been "difficult."

[4] Counsel for plaintiff added that defendant did not comply with Judge Hall's order requiring it to disclose its assets, Dkt. #24, and plaintiff was handicapped by this lack of discovery. Defendant's disobedience of that Order is the subject of separate motion practice. Dkt. #29.

3

On November 22, 2023, plaintiff filed the instant motion for sanctions seeking $3350 in attorney and interpreter fees, positing that "[t]hese fees were entirely wasted as a result of Defendant's actions." Dkt. #38. Defendant filed no response.[5]

## *Discussion*

Federal Rule of Civil Procedure 16 provides that the court may schedule conferences to facilitate settlement, Fed. R. Civ. P. 16(a)(5), and may require a party to be present to consider a settlement. Fed. R. Civ. P. 16(c)(1). If a party fails to appear for a settlement conference as required, or is "substantially unprepared to participate –- or does not participate in good faith –- in the conference," sanctions may be imposed. Fed. R. Civ. P. 16(f)(1)(A) and (B).

"It is well established that a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) if a party fails to do so." Taylor v. City of New York, 2022 WL 18674804, at *2 (S.D.N.Y. June 2, 2022) (collecting cases). A magistrate judge has the authority to impose such an order. Id.

> When considering whether a sanction is warranted under Rule 16, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated

---

[5] On November 28, 2023, counsel for the defendant moved to withdraw citing a breakdown in communication. Dkt. #41. The motion is pending.

4

> is sufficient to allow some sanction. Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 454 (S.D.N.Y. 2011). Both the Supreme Court and the Second Circuit have indicated on numerous occasions that sanctions are often a necessary means of dealing with a party which flouts court orders. Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 56 (S.D.N.Y. 1997)(collecting cases).

Bryan v. Niagara Bottle Water Inc., No. 3:18cv231(KAD), 2018 WL 11509560, at *2 (D. Conn. Dec. 13, 2018) (internal quotation marks omitted).

Here, defendant did not comply with the court's order requiring that the parties be present for the conference. To be clear, the events recited above did not suggest that defendant experienced any temporary technical incapacity; rather, the circumstances, taken together, showed this to be a clumsy attempt to avoid the conference. Defendant's conduct was tantamount to a complete failure to appear for the settlement conference; at a minimum, his behavior demonstrates that he was substantially unprepared to participate in the conference. In either event, defendant was in violation of Fed. R. Civ. P. 16(f)(1).

Rule 16(f) rule discusses the type of sanctions that may be imposed:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses, -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially

5

>justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).

Defendant's violation of the court's order necessitated cancelation of the conference, inconvenienced all who were assembled and prepared, and cost plaintiff time and expenses. The court has no basis on which it could find that defendant's "noncompliance was substantially justified or other circumstances [would] make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Plaintiff has submitted affidavits showing its expenses. The expenses include attorney fees and some necessary administrative time to schedule and prepare for the conference; attorney time wasted while waiting for defendant to join the conference; and a bill for the plaintiff's interpreter who was in attendance.  I have examined the expenses and conclude that all are reasonable.  The total of $3350 shall be paid to plaintiff by defendant as a sanction for violating Fed. R. Civ. P. 16(f).  See Deane v. Navy Federal Credit Union, No. 3:12cv917(WWE), 2013 WL3816596, at *1 (D. Conn. July. 22, 2013).

SO ORDERED at Hartford, Connecticut this 19th day of December, 2023.

                                              /s/
                                Donna F. Martinez
                                United States Magistrate Judge